**\*E-Filed 8/15/11\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. BANK, N.A., as successor in interest to the FDIC as receiver of Downey Savings & Loan Association, F.A.,<br><br>Plaintiff,<br><br>v.<br><br>ZENAIDA MATIAS; ERNESTO MATIAS; MARC MATIAS; NELSON MATIAS; and ISAAC MAIMON,<br><br>Defendants._____ / | No. C 11-03736 RS<br><br>**ORDER OF SUMMARY REMAND** |

This case was removed from Contra Costa Superior Court where it was pending as an unlawful detainer action against pro se defendant Isaac Maimon. Maimon, who lives at the property, was not named in the summons and complaint. He was joined in this eviction action by responding to the superior court's notice to file a prejudgment claim of right to possession. Under 28 U.S.C. § 1446(c)(4), when a notice of removal is filed, the court is directed to examine it "promptly" and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." In this case, summary remand is appropriate.

Maimon removed this action pursuant to 28 U.S.C. § 1441 alleging that the parties are completely diverse and the amount in controversy exceeds $75,000, such that it could have originally been filed in this Court under 28 U.S.C. § 1331. Plaintiff U.S. Bank seeks possession of

the property, costs, and holdover damages. On the face of the complaint, plaintiff avers that its demand does not exceed $25,000. Maimon's contention that the amount in controversy exceeds $75,000 is based on his alleged potential damages related to an option to purchase the home. The amount in controversy, however, is determined from the allegations in the complaint. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 202 U.S. 283, 289 (1938). Therefore, this Court does not have jurisdiction over this case based on diversity jurisdiction.

Maimon further contends that this action is removable because it arises under federal law. *See* 28 U.S.C. § 1331. The existence of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002). The rule applies equally to evaluating the existence of federal questions in cases brought initially in this Court and in removed cases. *Id.* at n. 2. Under that rule, a federal question must be presented by what is or should have been alleged *in the complaint. Id.* at 830. Thus, the fact that a federal question may be implicated through matters raised by demurrer, answer, or counterclaim is insufficient.

According to Maimon, his lease option to buy the real property is protected by the due process clause of the Fourteenth Amendment and by the Protecting Tenants at Foreclosure Act of 2009. *See* Public Law 111-22; 12 U.S.C. § 5220. It is not entirely clear whether Maimon asserts this federal law is relevant to his defense or potential counterclaim. In either case, the purported federal question is not raised in plaintiff's complaint and therefore does not give rise to removal jurisdiction.

Accordingly, this action is hereby remanded to the Contra Costa Superior Court. Plaintiff's pending motion to remand is denied as moot and their request for attorneys' fees pursuant to U.S.C. section 1447(c) is also denied.

IT IS SO ORDERED.

Dated: 8/12/11

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

**THIS IS TO CERTIFY THAT A COPY OF THIS ORDER WAS MAILED TO:**

**Isaac Maimon**
160 Falcon Way
Hercules, CA 94547

Dated: 8/15/11              /s/ Chambers Staff

                                                  Chambers of Judge Richard Seeborg